***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Taylor, with modifications.
 *********** RULING ON DEFENDANT'S APPEAL OF ORDER SETTING EXPERT WITNESS FEE
Defendant, by notice given on May 5, 2004, has appealed the April 27, 2004, Order by Deputy Commissioner Wanda Blanche Taylor, which set a $1,950.00 expert witness fee for Dr. Lawrence N. Larabee Jr., a board-certified orthopedic surgeon. Defendant contends that such fee is unreasonable and excessive, given the deposition lasted about one hour.
At deposition, Dr. Larabee was asked how much time he spent in preparing for the deposition. He responded:
 Well, I pulled Mrs. Parker's file last week and reviewed the information, her x-rays and her chart from the hospital. That took me a couple of hours last week. And this morning, I had them pull up the portion of her chart, which is on microfilm, which included actually most of her care from `99 through 2001. And it took me approximately a couple of hours this morning.
The Full Commission finds it reasonable, if not proper, for an expert witness to spend a certain amount of time in reviewing records and files to effectively prepare for deposition. Thus, the Full Commission finds the $1,950.00 expert witness fee set by Deputy Commissioner Taylor for Dr. Larabee's services in this matter to be reasonable and affirms the same. This fee shall be in addition to the $500.00 expert witness fee that was previously set by Deputy Commissioner Taylor for the written answers Dr. Larabee provided after the hearing before the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. The parties were subject to the Workers' Compensation Act at the time of the alleged injury.
3. An employee-employer relationship existed between plaintiff and defendant at all relevant times.
4. Plaintiff earned an average weekly wage of $432.80, yielding a compensation rate of $288.54.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 39 years of age, her date of birth being March 31, 1963. Plaintiff had completed two years of community college.
2. On February 2, 2001, plaintiff became employed with defendant-employer as a food service supervisor, supervising the inmates that worked in the kitchen at the prison located in Winton. Plaintiff's job duties required her to be on her feet a considerable amount of time.
3. In 1999, plaintiff was treated by Dr. Lawrence N. Larabee Jr. for complaints of left knee pain. Plaintiff had conservative treatment for a period of time and was diagnosed with degenerative changes of her left knee as well as an ACL tear. Plaintiff underwent an ACL reconstruction on November 24, 1999, which was performed by Dr. Larabee. Plaintiff healed successfully and was able to return to work at regular duty.
4. Plaintiff had a fall in early 2000 and sustained a non-displaced fibula fracture that was treated by Dr. Larabee and healed without significant problems.
5. On January 18, 2001, plaintiff returned to Dr. Larabee with complaints regarding her knee. X-rays revealed advanced degenerative changes of her knee; however, plaintiff continued to work her regular duties.
6. On August 22, 2001, while performing her regular duties with defendant-employer, plaintiff slipped on the cement floor and landed on her buttocks in an awkward position. Her right leg was out in front of her and her left leg was out to the side. This constituted a compensable injury by accident.
7. By August 27, 2001, plaintiff continued to be in pain and was treated at the Roanoke Chowan Hospital emergency room, where she was diagnosed with a bruised hip but also complained of left knee pain. Plaintiff was taken out of work for two days.
8. On September 3, 2001, plaintiff returned to her job and performed her regular duties.
9. Plaintiff continued to experience left knee pain, and on October 31, 2001, plaintiff's pain became so bad that she had to be wheeled out of her employment in a wheelchair.
10. On November 1, 2001, plaintiff presented to Dr. Larabee complaining of knee pain with decreased motion of her left knee. Dr. Larabee's opined that this decreased motion of plaintiff's knee was worse than plaintiff's postoperative exams. On that date, plaintiff indicated that she had sustained an injury at work. The Full Commission finds this injury to be compensable under the Workers' Compensation Act.
11. Dr. Larabee suspected a re-tear of the cartilage in plaintiff's left knee. An MRI confirmed a meniscal tear. The reconstruction continued to be intact. In Dr. Larabee's opinion, plaintiff's flexion contracture was likely related to the meniscal tear. He was further of the opinion that the meniscal tear had been there for some time.
12. Dr. Larabee wrote plaintiff out work from November 1, 2001, through November 20, 2001, due to her knee complaints.
13. Plaintiff continued to experience knee pain into December 2001. Plaintiff and Dr. Larabee discussed arthroscopy.
14. On April 7, 2002, plaintiff last worked for defendant-employer.
15. Plaintiff, on April 8, 2002, underwent a partial medial and lateral meniscectomy, interior cruciate ligament debridement of the patellofemoral joint and chondroplasty of the left leg, which was performed by Dr. Larabee.
16. Dr. Larabee wrote plaintiff out of work from April 8, 2002, through and including May 29, 2002.
17. Plaintiff last presented to Dr. Larabee on June 25, 2002. At that time, Dr. Larabee was of the opinion, and the Full Commission finds as fact, that plaintiff had reached maximum medical improvement and, due to her decreased range of motion and persistent pain in her left knee, retained a 10% permanent partial impairment of her left lower extremity.
18. As of May 29, 2002, Dr. Larabee was of the opinion, and the Full Commission finds as fact, that plaintiff could return to work light duty, working one half shifts for three weeks with no bending, stooping, or squatting, no stair or ladder climbing, and limited use of the left lower extremity.
19. As of the date of Dr. Larabee's responses to the written questions posed by defendant and Deputy Commissioner Taylor, he was of the opinion that plaintiff could perform sitting work with occasional standing. Dr. Larabee was further of the opinion that plaintiff will not need future medical treatment for her left knee condition. At deposition, Dr. Larabee stated the opinions he gave in written form had not changed.
20. Dr. Larabee was of the opinion, and the Full Commission finds as fact, that plaintiff's injuries were consistent with a meniscal injury that occurred from a slip and fall that likely happened as plaintiff described on August 27, 2001. Dr. Larabee was further of the opinion, and the Full Commission finds as fact, that plaintiff has been reasonable and truthful and has no reason to suspect that plaintiff was not telling the truth regarding the August 27, 2001, injury of her left knee.
21. The Deputy Commissioner found, and the Full Commission equally finds, plaintiff's testimony to be deemed credible in consideration of plaintiff's demeanor, her testimony, and all the other evidence of record.
22. On August 22, 2001, plaintiff sustained an injury to her left knee that is compensable under the NC Workers' Compensation Act.
23. As a direct and proximate result of plaintiff's compensable injury to her left knee on August 22, 2001, plaintiff sustained a meniscal tear to her left knee.
24. As a direct and proximate consequence of plaintiff's compensable injury, plaintiff was unable to earn any wages from November 1, 2001, through December 27, 2001, and from April 8, 2002, through May 29, 2002.
25. Prior to her compensable injury, plaintiff earned an average weekly wage of $432.80, yielding a compensation rate of $288.54.
26. As a direct and proximate result of plaintiff's compensable injury, plaintiff is entitled to temporary total disability compensation at the rate of $288.54 per week for the periods from November 1, 2001, through and including December 27, 2001, and from April 8, 2002, through and including May 29, 2002.
27. The treatment that plaintiff received by Dr. Larabee for her left leg was reasonably necessary and designed to effect a cure, provide relief, and lessen the period of disability, and plaintiff is entitled to have defendants provide the same.
28. Plaintiff has reached maximum medical improvement with regard to her left leg.
29. As a direct and proximate result of plaintiff's compensable injury, plaintiff retains a 10% permanent partial impairment of her left lower extremity.
30. As a direct and proximate result of plaintiff's compensable injury, plaintiff is entitled to permanent partial disability compensation at the rate of $288.54 per week for a period of 20 weeks for her permanent partial disability of her left leg.
31. Plaintiff has not attempted to find work or return to work since her May 29, 2002, release to return to light duty for three weeks and then return to full duty. There is no evidence in the record that any doctor has instructed plaintiff to remain out of work following that time and plaintiff has not sought medical treatment for her condition since June 25, 2002.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On August 22, 2001, plaintiff sustained a compensable injury to her left knee, resulting in a meniscal tear to her left knee. N.C. Gen. Stat. § 97-2(6).
2. As a direct and proximate consequence of plaintiff's compensable injury, plaintiff was unable to earn the same or any other wages at the same or any other employment from November 1, 2001 through December 27, 2001 and from April 8, 2002 through May 29, 2002, and is entitled to temporary total disability compensation at the rate of $288.54 per week for those periods. N.C. Gen. Stat. § 97-29.
3. Plaintiff has reached maximum medical improvement with regard to her left leg. As a direct and proximate result of plaintiff's compensable injury, plaintiff retains a 10% permanent partial impairment of her left lower extremity, and is entitled to permanent partial disability compensation at the rate of $288.54 per week for a period of 20 weeks for her permanent partial disability of her left leg. N.C. Gen. Stat. § 97-30.
4. The treatment that plaintiff received for her left leg by Dr. Larabee was reasonably necessary and designed to effect a cure, provide relief, and lessen the period of disability, and plaintiff is entitled to have defendants provide the same. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay temporary total disability compensation to plaintiff at the rate of $288.54 per week for the period from November 1, 2001, through and including December 27, 2001, and for the period from April 8, 2002, through and including May 29, 2002. This amount has accrued and shall be paid in a lump sum with interest at 8 percent per year from May 13, 2002, until paid.
2. Defendant shall pay permanent partial disability compensation to plaintiff at the rate of $288.54 per week for a period of 20 weeks, with interest thereon at the rate of 8 percent per year from May 13, 2002, until paid.
3. Defendant shall provide plaintiff treatment for her left leg injury; specifically, defendant shall pay for the treatment plaintiff received from Dr. Larabee following her compensable injury as the same was reasonably necessary and designed to effect a cure, give relief, or lessen plaintiff's period of disability. Such payment shall be at rates prescribed in the Industrial Commission medical fee schedule.
4. Defendant shall pay the costs, including expert witness fees for Dr. Larabee in the amount of $500.00 and $1,950.00 for the written answers he provided to the Deputy Commissioner and the telephonic deposition in which he participated, respectively.
This 24th day of June 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER